**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL ROBERTSON,                                                                          ADC
#115658                                                                                          PLAINTIFF

V.                                      2:11-cv-00231-BSM-JTK

JEREMY ANDREWS, et al.                                                              DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if
         such a  hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Robertson, a state inmate who is confined at the East Arkansas Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging violations of ADC policies and procedures and his Fifth and Fourteenth Amendment rights by the Defendants. Plaintiff asks for monetary relief from Defendants.

This Court originally dismissed Plaintiff's Complaint for failure to state a claim and for failure to file an Amended Complaint in response to the Court's December 15, 2011 Order (Doc. No. 7). However, the Court later granted Plaintiff's Motion for Reconsideration and re-opened this action, directing Plaintiff to file an Amended Complaint as originally directed in the Court's December 15, 2011 Order (Doc. No. 11). Plaintiff has now filed an Amended Complaint (Doc. No. 13).

## II.    Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.   Facts

Plaintiff alleges in his Amended Complaint that Defendant Andrews falsely charged him with a disciplinary violation in violation of ADC policies and procedures and his due process rights. He states Defendant Ester presided over his disciplinary hearing, and also improperly found Plaintiff guilty of the disciplinary charges.  Plaintiff states he lost class, status, job placement and related privileges, and spent time in punitive isolation.  Defendant Naylor affirmed Plaintiff's conviction

on appeal, allegedly in violation of Plaintiff's due process rights and ADC procedures.  Plaintiff then filed a claim with the Arkansas Claims Commission, complaining about the denial of due process by these three Defendants in conjunction with his disciplinary proceeding.  Plaintiff claims Defendant Hodges, of the Claims Commission, also violated his rights by denying his claim.

## IV.    Analysis

 In the January 19, 2012 Report and Recommendations, the Court noted that the Complaint "does not include any information concerning the date of the alleged disciplinary hearing, the charges filed against Plaintiff, what constitutional rights were violated, how the individual Defendants were involved, or how Plaintiff was harmed."  (Doc. No. 5, p. 4).   The Court's recommendation that the case be dismissed based on Bell Atlantic Corp., 550 U.S. at 570, was adopted, and Plaintiff's Complaint was dismissed on February 7, 2012 (Doc. Nos. 7, 8).

In the Amended Complaint (Doc. No. 13), Plaintiff again fails to include the date of the incidents involved, the charges filed against him, and what specific actions of the Defendants violated his constitutional rights.  Rather, Plaintiff maintains that Defendants' failure to follow ADC policies and procedures resulted in a denial of his due process rights.  He does not, however, specify the policies and procedures which were violated.   Such an allegation does not support a constitutional claim for relief.   "The Due Process Clause does not federalize state-law procedural requirements."  Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).  Therefore, the Court finds that Plaintiff's Amended Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face," and should be dismissed.   Bell Atlantic Corp., 550 U.S. at 570.

4

In addition, to the extent that Plaintiff lost good time credits as a result of his disciplinary conviction, his claim for damages for an alleged false disciplinary charge also fails under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-7 (1994).  In <u>Heck</u>, the court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, no damages claim exists unless the conviction is reversed, expunged or call into question by issuance of a federal writ of habeas corpus.  This holding in <u>Heck</u> was extended to disciplinary situations where inmates lose good time credits, in <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).  In this particular case, Plaintiff is challenging the result of the disciplinary process, and asks for damages for his allegedly wrongful conviction.  He does not claim that this conviction was reversed, expunged or called into question through the issuance of a writ of habeas corpus.

Finally, Plaintiff's allegation against Defendant Hodges, based on the decision rendered by the Arkansas Claims Commission, also must be dismissed.  Plaintiff admits filing a claim with the Claims Commission in which he alleged the same acts by Defendants as he does in the present suit. (Doc. No. 13, pp. 8-12.)  Although he obviously is not pleased with the outcome, his attempt to re-litigate those issues previously raised before the Commission is not permissible.  <u>Price v. Harris</u>, 722 F.2d 427, 428 (8th Cir. 1983) (per curiam).  <u>See</u> <u>also</u> <u>Steffen v. Housewright</u>, 665 F.2d 245, 246-7 (8th Cir. 1981), where the Court stated the doctrine of collateral estoppel precluded litigation of a claim for lost property against the defendants, after the inmate plaintiff had proceeded with the same claim before the Arkansas Claims Commission. "The doctrine of

collateral estoppel precludes re-litigation of factual issues actually litigated and determined in a prior suit." Id.

In this case, the Court finds that Plaintiff was provided an adequate opportunity to litigate this issue through the Claims Commission process and that he should be estopped from attempting to re-litigate the issues in this forum.[1]

## V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED with prejudice, and that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1]

The Court also notes, as a point of information only, that Plaintiff's complaint before the Claims Commission was dismissed, based on his failure to file a response to the Respondents' motion to dismiss (Doc. No. 13, p. 18).

[2]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Dismissals pursuant to Heck v. Humphrey also are considered "strikes" for the purpose of 1915(g), even though they are dismissals without prejudice.  See Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. Feb. 9, 2999) (unpub. Table op.) (Citing Rivera v. Allin, 144 F.3d 719, 730-31 (11th Cir. 1998); Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 16th day of May, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE